UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CATHERINE MADAGONI,

                    Plaintiff,

            -against-

LEIF M. NISSEN, et al.,

                    Defendants.

---

1:25-CV-10429 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Catherine Madagoni, of Mount Laurel, New Jersey, brings this action *pro se*, ostensibly asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and claims under federal criminal law, seeking injunctive relief. Plaintiff sues: (1) Leif M. Nissen, a Family Division Manager and a citizen of New Jersey; and (2) Madagoni, LLC, of Trenton, New Jersey. The Court construes Plaintiff's complaint as asserting civil claims under 42 U.S.C. §§ 1983, 1985, and 1986, civil claims under RICO, perhaps additional civil claims under federal law, as well as civil claims under state law. For the reasons set forth below, the Court transfers this action to the United States District Court for District of New Jersey.[1]

## DISCUSSION

Under the venue provision for civil claims brought under RICO, such claims "against any person may be instituted in the district court of the United States for any district in which such

---

[1] In her *in forma pauperis* application (ECF 3), Plaintiff may reveal the full name of a minor child. Under Rule 5.2 of the Federal Rules of Civil Procedure, no court submission is permitted to refer to a minor child using that child's full name; it may only do so by using the child's name's initials. Fed. R. Civ. P. 5.2(a)(3). In an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to that court submission so that electronic access to that submission is available only to court personnel.

person resides, is found, has an agent, or transacts his affairs."[2] 18 U.S.C. § 1965(a). Plaintiff

alleges that both defendants reside, are found, have an agent, or transact their affairs within the

State of New Jersey, which constitutes one federal judicial district—the District of New Jersey,

*see* 28 U.S.C. § 110—not within this judicial district[3] (*see* ECF 1, at 3-5, 12-18). Accordingly,

the United States District Court for the District of New Jersey is a proper venue for Plaintiff's

claims under RICO. Because Plaintiff alleges nothing to suggest that either of the defendants

resides, is found, has an agent, or transact his/its affair within this judicial district, it is unclear

that this court is a proper venue for Plaintiff's claims under RICO.

The applicable venue provision for the remainder of Plaintiff's civil claims is found at 28

U.S.C. § 1391(b). Under that provision, unless otherwise provided by law, a federal civil action

may be brought in a federal district court for a:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if
> there is no district in which an action may otherwise be brought as provided in
> this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where

the person is domiciled, and any other "entity with the capacity to sue and be sued," if a

---

[2] The term "person" is defined by RICO as including "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3).

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

To the extent that Plaintiff alleges that any of the defendants' activities took place in Queens County, New York (ECF 1, at 9, 12), they took place in the Eastern District of New York, *see* 28 U.S.C. § 112(c), not this judicial district.

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that both of the defendants reside in the State of New Jersey (ECF 1, at 3-4, 12), within the District of New Jersey, *see* § 110, not within this judicial district, *see* § 112(b). Thus, the United States District Court for the District of New Jersey, not this court, is a proper venue for Plaintiff's remaining civil claims, under Section 1391(b)(1).

Plaintiff also asserts that a substantial part of the alleged events that are the bases for her civil claims took place in the State of New Jersey (ECF 1, at 3-4, 12), within the District of New Jersey, *see* § 110, not within this judicial district. Thus, the United States District Court for the District of New Jersey is a proper venue for Plaintiff's remaining claims, under Section 1391(b)(2). Plaintiff alleges nothing to suggest that any of the alleged events took place within this judicial district. Thus, this court does not appear to be a proper venue for such claims, under Section 1391(b)(2).[4]

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of

---

[4] To the extent that a substantial part of the alleged events took place in Queens County, New York (ECF 1, at 9, 12), the United States District Court for the Eastern District of New York, not this court, is a proper venue for Plaintiff's remaining civil claims, under Section 1391(b)(2).

proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action because: (1) the defendants both either reside, are found, have an agent, or transact their affairs in the District of New Jersey; (2) a substantial portion, if not all, of the alleged events occurred in that judicial district; and (3) it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the District of New Jersey, which is a proper venue for all of Plaintiff's claims, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for District of New Jersey. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 16, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge